UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PERFORMANCE BROKERAGE
SERVICES, INC., a California Company

    Plaintiff,

v.                                          Case No: 2:18-cv-580-FtM-99MRM

ERIC D. POMEROY, SARA J.
POMEROY and JHD HOLDINGS,
INC.,

    Defendants.
_____/

## ORDER[1]

This matter comes before the Court on *sua sponte* review of Plaintiff Performance Brokerage Service, Inc.'s (PBS's) Complaint. (Doc. 1, the "Complaint"). PBS sues Defendants JHD Holdings, Inc., Eric Pomeroy, and Sara Pomeroy for breach of contract under Florida law. (Doc. 1). PBS seeks to establish diversity jurisdiction as the basis for the Court's subject matter jurisdiction. (Doc. 1 at ¶ 1). The Complaint raises concern as to whether the Court has subject matter jurisdiction and venue.

**1. Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction and are obligated to inquire into jurisdiction *sua sponte* whenever it may be lacking. See *Kokkonen v. Guardian Life Ins.*

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

*Co. of Am.*, 511 U.S. 375, 377 (1994); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). State law claims can be filed in federal court under 28 U.S.C. § 1332 if the amount in controversy exceeds $75,000 and the parties are citizens of different states. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). Pleading residency is not the equivalent of pleading domicile. *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341 (11th Cir. 2011); *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1297 (11th Cir. 2009); *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (internal quotation marks and citations omitted).

Here, the Pomeroy's citizenship is unclear. The Complaint states that "Eric D. Pomeroy is an individual *residing* in Naples, Collier County, Florida." (Doc. 1 at ¶ 4, emphasis added). And, "Sara J. Pomeroy is an individual *residing* in Naples, Collier County, Florida." (Doc. 1 at ¶ 5, emphasis added). This is insufficient. As noted, a party's domicile, not his residence, is relevant for diversity purposes. See *Mas*, 489 F.2d at 1399.

Consequently, PBS has failed to properly allege the citizenship of the parties; therefore, the Court cannot determine that diversity of citizenship is present. Plaintiff will be provided an opportunity to state the presence of federal jurisdiction pursuant to 28 U.S.C. § 1653.

**2. Venue**

The Court further notes that "a district court may raise on its own an issue of defective venue" and issue a "*sua sponte* order to plaintiff to show cause." *Lipofsky v. New York State Workers Compensation Bd.*, 861 F.2d 1257, 1259 (11th Cir. 1988) (internal citations omitted). Venue is proper in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(1)-(3). "For all venue purposes[,] (1) a natural person . . . reside[s] in the judicial district in which that person is domiciled; (2) an entity . . . reside[s] . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction." 28 U.S.C. § 1391(c)(1)-(2). An entity is subject to personal jurisdiction wherever "a defendant purposefully avails itself of the privilege of conducting activities within the forum state." *J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873, 881 (2011) (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). In particular, "minimum contacts must come by an action of the [entity] purposefully directed towards the forum state. The placement of a product into the stream of commerce, without more, is not" enough. *Id.* at 883 (citing *Asahi Metal Industry Co. v. Superior Court of Cal., Solano Cty.*, 480 U.S. 102, 112 (1987)).

The Complaint states,

> [v]enue is proper in the Middle District of Florida . . . because the Middle District of Florida is the judicial district where the Pomeroys *reside*, where JHD maintains an

office and/or officer and agent(s) and *some* of the events giving rise to the Plaintiff's claims occurred within the territory of the Middle District of Florida.

(Doc. 1 at ¶ 2, emphasis added). First, venue is not sufficiently established under § 1391(b)(1). As noted, the Complaint must include the Pomeroy's *domicile* to establish their residency according to the requirements of § 1391(c)(1). Once again, stating that the Pomeroy's "reside in the Middle District" is not enough. Moreover, even if Defendant JHD resides in Florida for venue purposes, the Complaint must establish that *all* defendants reside in Florida, including the Pomeroy's, to establish venue under section (b)(1). Second, venue is not clearly established under § 1391(b)(2). The Complaint states that "some of the events" occurred in the Middle District, but a *substantial part* of the events must have occurred in the Middle District to establish venue pursuant to § 1391(b)(2). Finally, venue is not yet proper under § 1391(b)(3) because the Complaint has not established that "there is no district in which an action may be brought" pursuant to § 1391(b)(1)-(2).

Although the Complaint is not dismissed on this basis, PBS has also failed to properly allege venue. Plaintiff should correct venue in the Amended Complaint.

Accordingly, it is now

**ORDERED:**

Plaintiff PBS's Complaint is dismissed for lack of subject-matter jurisdiction without prejudice to file an Amended Complaint, in accordance with this Order's instructions on diversity jurisdiction and venue, on or before **September 11, 2018**. **Failure to file an Amended Complaint by this date will result in this matter being closed without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida this 3rd day of September, 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record